UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
CLIFFORD GREENE,                       )
                                       )     No. C05-0443RSL
               Plaintiff,              )
          v.                           )
                                       )     ORDER GRANTING DEFENDANT'S
ROBERT HALF INTERNATIONAL, INC.,       )     MOTION FOR SUMMARY
                                       )     JUDGMENT
               Defendant.              )
_____)

This matter comes before the Court on "Defendant's Motion for Summary Judgment and Supporting Memorandum." Dkt. # 43. Plaintiff alleges that defendant, a specialized staffing firm, refused to send him out on legal assignments because of his age and terminated its representation of plaintiff when he complained of age discrimination. Plaintiff asserts discrimination and retaliation claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, RCW 49.44.090, and the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq*. Defendant denies that age discrimination and/or a retaliatory motive prompted its actions and asserts that plaintiff was not given legal assignments because he could not compete with the many other applicants defendant represented. Defendant also asserts that it terminated its representation of plaintiff because he was rude and unprofessional with its staff.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," however, and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Taking the evidence presented in the light most favorable to plaintiff, the Court finds as follows:

**Age Discrimination**

Age discrimination claims under the ADEA and the WLAD[1] involve shifting

---

[1] Although RCW 49.44.090 provides protection from discrimination for persons between the ages of 40 and 70 years, it creates no specific remedy. Washington courts have recognized an implied cause of action under this statute, however, and have adopted the elements and shifting burdens discussed in the text. Bennett v. Hardy, 113 Wn.2d 912, 920-22 (1990). Because the parties have not analyzed plaintiff's RCW 49.44.090 claim separately from his ADEA claim, the Court assumes that the statutes are sufficiently similar to produce the same results. See Douchette v. Bethel Sch. Dist. No. 403, 117 Wn.2d

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT          -2-

burdens of proof:

> [A] plaintiff must first establish a *prima facie* case of discrimination. If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.

Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994) (quoting Lowe v. City of Monrovia, 775 F.2d 998, 1005 (9th Cir. 1985), as amended, 784 F.2d 1407 (1986)). See also Griffith v. Schnitzer Steel Indus., Inc., 128 Wn. App. 438, 446-47 (2005), review denied, 156 Wn.2d 1027 (2006). The ultimate burden of persuading the factfinder that the employer intentionally discriminated remains at all times with plaintiff. Washington v. Garrett, 10 F.3d 1421, 1432 (9th Cir. 1994).

        To establish a *prima facie* case of age discrimination, plaintiff must show that: (1) he was over the age of 40 and therefore within the protected class; (2) he applied for a position for which he was qualified; (3) he was not hired; and (4) the individuals who were hired were substantially younger and had equal or inferior qualifications. EEOC v. Ins. Co. of N. Am., 49 F.3d 1418, 1420 (9th Cir. 1995); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990). See also Griffith, 128 Wn. App. at 446. Plaintiffs' burden in establishing a *prima facie* case is minimal and need only give rise to an inference of unlawful discrimination. If the elements of the *prima facie* showing are satisfied, plaintiff is entitled to a presumption that

---

805, 814 (1991) (state and federal age discrimination laws have substantially the same elements).

        Neither party has discussed the merits of plaintiff's Title VII claim. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Age discrimination is prohibited by the ADEA and plaintiff's claim will be considered under that statutory scheme.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT      -3-

defendant unlawfully discriminated against him. Wallis, 26 F.3d at 889 (citations and quotations omitted).

Defendant is willing to concede, for purposes of this motion, that plaintiff has made a *prima facie* showing of discrimination. In order to rebut the presumption of discrimination that arises from the *prima facie* showing, defendant must articulate a legitimate, nondiscriminatory reason for its actions. Defendant has satisfied this burden by offering evidence that plaintiff was not competitive in the legal service market from the very beginning of their relationship and that his subsequent rude and unprofessional behavior made him an even less desirable candidate for placement as time went on. Defendant has also shown that it referred plaintiff for a number of non-legal jobs throughout the relevant time period, giving rise to an inference that age discrimination was not the motivating factor. As a consequence, the burden returns to plaintiff to show that defendant's articulated reasons for failing to send him out on legal assignments were pretext for discrimination. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir. 1997).

At this point in the analysis, plaintiff must produce enough evidence to allow a reasonable factfinder to conclude that either (1) defendant's reasons for not placing him in legal positions were false or (2) the true reasons were discriminatory in nature. Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir. 1995). Having reviewed the pleadings, declarations, and exhibits submitted by the parties, the Court finds that plaintiff has not provided sufficient evidence to persuade a reasonable factfinder that defendant discriminated against him because of his age. Washington, 10 F.3d at 1432.[2]

---

[2] Plaintiff's objections to defendant's discovery responses are untimely and without merit. Pursuant to the Court's scheduling order, motions to compel were to be filed on or before May 18, 2006. Plaintiff did not raise his concerns regarding the sufficiency of defendant's discovery responses until he filed his opposition memorandum on July 19, 2006. Nor has he identified any rule of law or procedure which would require defendant to forego the objections stated in its discovery responses. After noting that plaintiff's interrogatory regarding the suspected "arrangement" was objectionable, defendant

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT         -4-

Plaintiff has not attempted to show that his skill set and/or work experience made him competitive in the legal job market or that defendant's evaluation of his skills was inaccurate or in some way false. The evidence presented suggests that plaintiff's typing, grammar, word-processing, litigation skills, interview, and work experience were at or below average, making him an unlikely choice for a legal referral. The evidence also shows that plaintiff was represented by six agencies, including defendant, between 2002 and 2004, and that none of them was able to place plaintiff in a legal position. Nor does plaintiff's challenge to the veracity of Megan Corpuz create a genuine issue of fact regarding his qualifications or the propriety of his behavior. Plaintiff has not shown that Ms. Corpuz' statement that paralegals generally need three years of experience to be referred by defendant was untrue. The fact that some individuals with less than three years of experience had been placed by defendant does not invalidate the general rule. In addition, Ms. Corpuz was not the only person to interpret plaintiff's behavior as rude and/or unprofessional. The receptionist and Ms. Corpuz' supervisor also witnessed or responded to plaintiff's outbursts as he became more and more frustrated with defendant's inability to place him. Plaintiff has not, therefore, provided evidence from which the factfinder could conclude that defendant's stated reasons for not referring plaintiff for employment were false.

Having failed to show pretext, plaintiff must present evidence from which a reasonable factfinder could conclude that defendant's conduct was discriminatory in order to meet his burden of proof. Plaintiff has not, however, provided any evidence from which one could conclude that age discrimination was the real reason plaintiff was not given legal assignments. Plaintiff's claim of age discrimination rests solely on a receptionist's description of another applicant as "a young guy, seems nicely dressed, something like that." Greene Dep.

---

provided a full and complete response which meets both the letter and spirit of plaintiff's inquiry. Even if they were timely made, plaintiff's objections would be overruled.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT        -5-

at 80. Plaintiff does not know if the applicant was seeking a legal position, does not know to whom the receptionist was speaking, and admits that the description was accurate. Such comments cannot give rise to an inference of age discrimination under state or federal law. The receptionist was not involved in the decision-making process about which plaintiff complains (DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n, 879 F.2d 459, 467 (9th Cir. 1989)), the description "young guy" is ambiguous in that it could be a positive or a negative in this context (Beshty v. Gen. Motors Corp., 327 F. Supp.2d 208, 218 (W.D.N.Y. 2004)), and the statement constitutes a "stray remark" which, without more, does not show that the failure to send plaintiff out on assignment was because of plaintiff's age (Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438-39 (9th Cir. 1990)). See also Kirby v. City of Tacoma, 124 Wn. App. 454, 467 (2004), review denied, 154 Wn.2d 1007 (2005).

**Retaliation**

The burden shifting analysis discussed above also applies to plaintiff's claim of retaliation. Nidds, 113 F.3d at 919. To make out a *prima facie* case of retaliation, plaintiff must demonstrate that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between his activity and the employment decision. Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1196-97 (9th Cir. 2003). The burden then shifts to defendant "to articulate a legitimate, non-discriminatory reason for the adverse employment action." Manatt v. Bank of Am., N.A., 339 F.3d 792, 800 (9th Cir. 2003). Plaintiff bears the ultimate burden of persuasion, however, and must rebut the employer's justification for the adverse employment action by showing that the proffered reason was pretext or that retaliation was the real motivating factor. Stegall v. Citadel Broadcasting Co., 350 F.3d 1061, 1068-69 (9th Cir. 2003). "Because Washington courts look to interpretations of federal law when analyzing retaliation claims, we . . . consider [plaintiff's] federal and state claims together." Little v. Windermere Relocation, Inc., 301 F.3d 958, 969 (9th Cir. 2002) (citing

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT         -6-

Graves v. Dept. of Game, 76 Wn. App. 705 (1994)).

Defendant argues that plaintiff cannot satisfy the third element of a *prima facie* claim of retaliation because he cannot demonstrate a causal connection between his complaint regarding age discrimination and defendant's decision to terminate its representation of plaintiff. The evidence submitted by the parties shows that, starting in May 2004, employees in defendant's legal division perceived plaintiff as demanding and/or argumentative and noted that he raised his voice in an unacceptable manner. In May and August 2004, plaintiff was told that defendant would not be his best resource for finding a legal position and he was encouraged to work with other placement agencies. On September 13, 2004, after a verbal altercation with defendant's receptionist and Ms. Corpuz, plaintiff accused defendant of discrimination, threatened to file suit, and was placed on the "Do Not Use" list. Second Decl. of Megan Corpuz at 8. On September 18, 2004, plaintiff mailed a letter to defendant alleging age discrimination.[3] Four days later, after receipt of plaintiff's letter, defendant was told that he had been placed on the "Do Not Use" list and that defendant would no longer represent him.

The Court will assume, for purposes of this motion, that the temporal connection between plaintiff's first complaint of discrimination on September 13, 2004, and his placement on the "Do Not Use" list gives rise to an inference of retaliation. Nevertheless, the chronology of events described above is insufficient to prove pretext. Defendant's stated reason for terminating its relationship with plaintiff was plaintiff's inappropriate and unprofessional behavior toward its staff. Long before plaintiff alleged discrimination, he had been counseled against raising his voice in an inappropriate manner and was twice told that Robert Half Legal was not going to be able to place him. In fact, defendant referred plaintiff to another agency in May 2004, made no efforts to place plaintiff after that date, and informed plaintiff that he was not qualified by experience or demeanor for employment through Robert Half Legal. As of

---

[3] Neither party has submitted a copy of this letter for the Court's review.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT      -7-

August 5, 2004, more than a month before the first allegation of discrimination was made, plaintiff was aware that defendant would not place him and called demanding an explanation. Second Decl. of Megan Corpuz at 7.  Defendant's conduct toward plaintiff did not change in any material way after May 2004.  In the context of this case, defendant's placement of plaintiff on the "Do Not Use" list simply finalized an employment decision that had already been made. Even though this action was taken after plaintiff complained of discrimination, it does not give rise to an inference that plaintiff's complaint was the likely reason defendant refused to represent him.  See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 797 (9th Cir. 1982).

      For all of the foregoing reasons, defendant's motion for summary judgment is GRANTED.  The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

      Dated this 28th day of August, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT    -8-